UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVOOD KHADEMI, | No. 2:23-cv-0280 KJN P |
| Petitioner, | |
| v. | ORDER |
| NORTH KERN STATE PRISON and SALINAS VALLEY STATE PRISON, | |
| Respondent. | |

Petitioner, a former state prisoner proceeding pro se, filed a "Motion Under § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody, on a form from the United States District Court for the Eastern District of Wisconsin, together with a request to proceed in forma pauperis. (ECF No. 1.) As set forth below, his motion is dismissed with leave to file a petition for writ of habeas corpus under 28 U.S.C. § 2254.

Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

Rule 2 of the Rules Governing Section 2254 Cases provides that the petition: "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form

1

the facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254 Cases. Petitioner must also clearly state the relief sought in the petition. Id. Additionally, the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n.7 (1977).

### Improper Form and Respondent

Here, because petitioner is a former California state prisoner, he must seek relief under 28 petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, rather than the form used by federal prisoners.[1] If petitioner seeks to challenge his state court criminal conviction, he must use this court's form petition to ensure that all necessary information is provided. In addition, petitioner must name the proper respondent. A petitioner seeking habeas corpus relief must name the officer having custody of him as the respondent to the petition. Rule 2(a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also Stanley, 21 F.3d at 360. However, where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or correctional agency. Id.

### Improper Relief

In his motion, petitioner asks for money damages but also asks the court to vacate the judgment. (ECF No. 1 at 11.) As a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action.

---

[1] Petitioner previously filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in Case No. 2:21-cv-0902 WBS KJN P (E.D. Cal.), which was dismissed on October 28, 2021, because his criminal appeal was pending. Id. (ECF Nos. 34, 47.) Petitioner appended a copy of the docket from this previous case, as well as copies of other case dockets, to the instant motion. (ECF No. 1 at 14-35.)

Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). Moreover, in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. Id. The Heck bar preserves the rule that federal challenges, which, if successful, would necessarily imply the invalidity of incarceration or its duration, must be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues of relief. Muhammad v. Close, 540 U.S. 749, 750-51 (2004). Because petitioner also seeks to have his conviction dismissed, his claim for money damages is barred by Heck until such conviction is reversed, expunged, or otherwise invalidated. Therefore, the court declines to construe petitioner's filing as a civil rights complaint. See Willwording v. Swenson, 404 U.S. 249, 251 (1971) (district courts have discretion to construe a habeas petition attacking conditions of confinement as a complaint under section 1983 despite deliberate choice by petitioner to proceed on habeas), superseded by statute on other grounds as recognized in Woodford v. Ngo, 548 U.S. 81, 84 (2006).

Conclusion

The motion fails to comply with Rule 2, Rules Governing Section 2254 Cases. Therefore, the motion is dismissed with leave to amend. Rule 4, Rules Governing Section 2254 Cases. Petitioner is granted leave to file a petition for writ of habeas corpus under 28 U.S.C. 2254, using the court's form petition. Finally, petitioner is not required to append exhibits to his petition.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;[2]

3. Any amended petition must bear the case number assigned to this action and the title "Amended Petition"; and

////

---

[2] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely.

4. The Clerk of the Court is directed to send petitioner the court's form application for writ of habeas corpus.

Dated:  February 27, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/khad0280.114