UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVOOD KHADEMI, | No. 2:23-cv-0280 KJN P |
| Petitioner, | |
| v. | ORDER |
| NORTH KERN STATE PRISON and SALINAS VALLEY STATE PRISON, | |
| Respondent. | |

Petitioner, a former California state prisoner proceeding pro se, filed a "Motion Under § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody," on a form from the United States District Court for the Eastern District of Wisconsin. (ECF No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On February 27, 2023, petitioner was granted leave to proceed in forma pauperis and his putative § 2255 motion was dismissed with leave to file a petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 4.) In response, petitioner filed a motion to stay. As discussed below, petitioner must file an amended petition that complies with the February 27, 2023 order and, if he seeks a stay, he must advise the court how he wishes to proceed.

////

1

No Operative Pleading

On March 29, 2023, petitioner filed a document styled, "Notice of Motion to Stay Pending State Remedies." (ECF No. 6.)  Petitioner appears to seek to stay this action pending "all state and criminal matters." (Id.)  However, petitioner has no operative pleading on file.  The initial document filed by petitioner was a motion used by federal prisoners to seek to stay, correct or vacate a federal sentence.  If petitioner wishes to pursue a federal habeas petition under 28 U.S.C. § 2254, he must file a petition for writ of habeas corpus under § 2254 on the court's form and identify the specific grounds he is raising for habeas review.  See Rule 2(c), Rules Governing Section 2254 Cases.  Petitioner must also clearly state the relief sought in the petition.  Id.  Additionally, the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error."  Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n.7 (1977).  Further, as petitioner was previously advised, he should name the proper respondent and identify the relief sought.  Petitioner is granted an extension of time to comply with the February 27, 2023 order.

Exhaustion Standards

Although it appears petitioner is aware of his obligation to exhaust his state court remedies before seeking federal habeas review, following are the standards governing exhaustion.

The exhaustion of state court remedies is a prerequisite to granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  To waive exhaustion, respondent's counsel must do so explicitly.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion cannot be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

2

presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509, 510 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed. Id.

Motion for Stay

Petitioner's motion for stay does not identify what claims, if any, are exhausted, and he fails to identify what type of stay he seeks. Thus, petitioner's request for stay is denied without prejudice to renewal after he has filed an amended petition and advised the court how he wishes to proceed. Two types of stays are available to habeas petitioners.

1. Petitioner may file a request to stay this action pending exhaustion of state court remedies with respect to unexhausted claims pursuant to Rhines v. Weber, 544 U.S. 269 (2005). Under Rhines, the court may stay a habeas petition containing exhausted and unexhausted claims if petitioner demonstrates (1) good cause for the failure to previously exhaust the claims in state court, (2) the claims at issue are potentially meritorious, and (3) petitioner has been diligent in pursuing relief. Id. at 277-78; see also Mena v. Long, 813 F.3d 907, 910-12 (9th Cir. 2016). Petitioner must satisfy all three factors to request a Rhines stay. In other words, petitioner must

provide facts and evidence demonstrating he meets all three elements required under Rhines. If the court grants the request for a Rhines stay, the entire federal habeas petition including the unexhausted claim would be put on hold.

    2.    Petitioner may request a stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). A Kelly stay involves the following three-step process: (1) the petitioner files a petition raising only exhausted claims (or amends if the operative pleading is a mixed petition); (2) the court stays and holds in abeyance the fully exhausted petition, allowing petitioner the opportunity to return to state court to exhaust the deleted claims; and (3) petitioner later amends his petition and reattaches the newly exhausted claims to the original § 2254 petition. Id. This procedure does not require petitioner to demonstrate good cause for the failure to exhaust. See King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009). However, this court cautions petitioner that choosing this alternative may risk forfeiting consideration of the unexhausted claim in this or any other federal habeas proceeding. See McCleskey v. Zant, 499 U.S. 467 (1991); Rose, 455 U.S. at 520-21; see also 28 U.S.C. § 2244(d)(1) (stating that a one-year period of limitation shall apply to all federal habeas petitions challenging a state court judgment); Rules Governing Section 2254 Cases, Rule 9(b). However, the court declines to address at this time whether such a motion would be appropriate or timely under Mayle v. Felix, 545 U.S. 644 (2005).

Conclusion

    Therefore, petitioner is granted an extension of time to file an amended § 2254 petition. His motion to stay is denied without prejudice to renewal upon a proper showing. Petitioner is cautioned that because he has no operative pleading on file (ECF No. 4), his failure to comply with this order will result in a recommendation that this action be dismissed for failure to comply with court orders. Fed. R. Civ. P. 41(b).

    Accordingly, IT IS HEREBY ORDERED that:

    1. Petitioner is granted thirty days from the date of this order to file an amended § 2254 petition on the court's form that complies with the February 27, 2023 order;[2]

---

[2] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely.

4

2. Any amended petition must bear the case number assigned to this action and the title "Amended Petition";

3. Petitioner's motion to stay (ECF No. 6) is denied without prejudice; and

4. The Clerk of the Court is directed to send petitioner the court's form application for writ of habeas corpus.

Dated: April 11, 2023

*[Signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/khad0280.msty